UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DOUGLAS E. KAMPFER,

       Plaintiff,

  v.                                  No. 1:22-cv-1235
                                      (BKS/ML)

NATHAN LITTAUER HOSPITAL,
SEAN H. FADALE, Nathan Littauer Hospital
Administrator, DR. MOHAMMAD AL-HASAN,
Emergency Room Physician,

       Defendants.
_____

BRENDA K. SANNES,
Chief United States District Judge

## DECISION & ORDER

Before the Court is Defendant Mohammed Al-Hasan's motion to dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. See dkt. # 52. The parties have briefed the issues, and the Court will decide the matter without oral argument.[1]

---

[1] Plaintiff filed a request for oral argument on the issues raised in Defendant's motion to dismiss. See dkt. # 64. Defendant opposes that request. See dkt. # 65. The Court has concluded that oral argument will not be helpful in reaching a decision on these matters and will exercise its discretion to decline to hear such argument. Plaintiff's motion will therefore be denied. Defendant's opposition to Plaintiff's request is docketed as a motion. To the extent that the opposition can be construed as a motion, the Court will grant that motion.

1

I. **Background**[2]

This case concerns the medical treatment that Plaintiff Douglas E. Kampfer received at Nathan Littauer Memorial Hospital in Gloversville, New York on August 13, 2022. See Amended Complaint ("Amend. Complt."), dkt. # 49, at p. 3. On that date, Plaintiff, who is a recipient of Medicare, fell ten feet from a ladder onto a concrete floor. Id. He fractured his left wrist, dislocated bones in his left hand, and lacerated his eyebrow. Id. The injury to Plaintiff's eyebrow came when his eyeglasses shattered in the fall and "impaled the skin" of the eyebrow. Id.

Plaintiff, driven by his wife and daughter, arrived at Nathan Littauer Hospital at 11:30 a.m. on August 13, 2022. Id. Once Plaintiff was placed in an emergency room, "plaintiff's shirt and clothing were removed, [and] plaintiff's wrist and arm were placed on a pillow[.]" Id. He received no treatment for the laceration he suffered until 3:30 p.m., however. Id. Treatment for the laceration came after Plaintiff had his wrist "set and splinted with a piece of plastic." Id.

Defendant Dr. Mohammad Al-Hasan attempted to order a CT scan for the Plaintiff. Id. Plaintiff refused, explaining that he lacked insurance. Id. Plaintiff lacked Medicare Part B benefits, but told Dr. Al-Hasan that he would be willing to have an X-ray "instead for cost reasons." Id.

Plaintiff alleges that Dr. Al-Hasan's unwillingness to order a skull X-ray and his "failure to properly clean the facial laceration at 3:30" caused "foreign material" to "[remain]

---

[2] The following facts are taken from the allegations in the Amended Complaint. See dkt. # 49. The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, see Lynch v. City of New York, 952 F.3d 67, 74-75 (2d Cir. 2020), but does not accept as true the legal conclusions, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

imbedd[ed] in" Plaintiff's "facial wounds." Id. at 4. On August 18, 2022, Plaintiff's wife Barbara Kampfer removed the stitches from Plaintiff's eyebrow and eyelid. Id. She did so because Plaintiff did not have a family doctor or insurance and because an infection had "caused swelling and impeded the plaintiff's vision." Id.

On September 12, 2022, "a Complaint was filed with the Hospital's administrator [Defendant] Sean H. Fadale[.]" Id. The Complaint explained the events in question and "request[ed] the ability to settle the complaint." Id. Plaintiff received a formal response from Christine Waghorn, Director of Performance Improvement, on October 13, 2022. Id. Waghorn's letter "claim[ed] an investigation took place and that the Hospital believes that they provided appropriate medical treatment." Id.

On September 16, 2022, "a complaint was filed with the New York State Department of Health" about the August 13, 2022 incident. Id. The State Department of Health notified Plaintiff on October 4, 2022 that the complaint had been referred to the Office of Professional Medical Conduct. Id. The Department of Health also requested that Plaintiff make a complaint to DNV Healthcare. Id. Plaintiff filed the complaint on October 9, 2022. Id.

Plaintiff continues to suffer recurring infections in his eyebrow, and his wounds continue to expel pieces of plastic. Id. His wrist is "deformed from not being properly pinned." Id. The Hospital has not asked Plaintiff to return for a reexamination. Id.

Plaintiff filed an initial Complaint based on the same set of facts. See dkt. # 1. That Complaint contained a number of causes of action that cited federal statutes and regulations as sources of the rights Plaintiff claimed. Id. Defendants filed motions to dismiss, contending that the Plaintiff had failed to raise any claims over which the Court had

3

subject matter jurisdiction and had in any case failed to state a claim upon which relief could be granted. Senior District Court Judge Thomas J. McAvoy agreed that–with the exception of 42 U.S.C. § 1983 ("Section 1983")–the statutes and regulations Plaintiff cited did not provide a private right of action.[3] The Court also agreed with the Defendants that Plaintiff had failed to plausibly plead state action and had therefore failed to state a claim under Section 1983. Given Plaintiff's *pro-se* status, however, the Court concluded that the Complaint should be dismissed without prejudice to repleading a Section 1983 claim that properly alleged state action. The Court concluded that:

> The Court doubts that Plaintiff can plead any additional facts or claims that will implicate federal-question jurisdiction. Still, because of the Plaintiff's pro-se status, the Court will allow him an opportunity to file an amended pleading in this court. If Plaintiff chooses to file such a pleading, he must not include any claims that the Court has already dismissed. He must recognize that the Medicare and Medicaid Acts, as well as any Elder Justice Act, do not provide a private right of action. Such claims are dismissed with prejudice. Plaintiff must recognize as well that he has pled facts which make clear that the Defendants are not state actors subject to claims of a violation of constitutional rights under Section 1983. He may not bring another Section 1983 claim against these Defendants without some good-faith basis to show they are state actors. If Plaintiff can offer a claim in good faith on some other basis, the Court will permit such re-pleading.
>
> At the same time, the Court also recognizes, as do Defendants, that Plaintiff's claims here are more in the nature of medical malpractice claims. Those claims involve state law and cannot implicate federal-question jurisdiction. Plaintiff has already admitted to facts which prevent him from pleading diversity jurisdiction. He has not pled facts which would preclude him from prevailing on a state-law tort claim, however. The Court's dismissal here is thus without prejudice to Plaintiff filing a cause of action in an appropriate New York forum.

Decision and Order, dkt. # 48, at 11-12. The Court directed that the "Amended Complaint must not re-plead any of the claims dismissed by the Court, and must offer allegations sufficient to implicate the Court's federal question jurisdiction." Id. at 12.

---

[3]This case has since been reassigned to the undersigned.

4

Plaintiff chose to file an Amended Complaint in this Court. The Amended Complaint repeats the factual allegations of the original Complaint. Plaintiff alleges as "Causes of Action" that:

> (a) Defendant(s) Nathan Littauer Hospital and Doctor Mohammend Al-Hasan Emergency Room Doctor for Nathan Littauer Hospital, are State Actors under the Spending Causes [sic] of the Federal Laws of the United States, and are liable to the Plaintiff Douglas E. Kampfer for failure to "Protect and Promote" the Patient[']s Rights on August 13, 2022.
>
> (b) To "Protect and Promote" are gives [sic] the Plaintiff under the Spending Clauses . . . a "Private Right of Action pursuant to resent [sic] Supreme Court Rulings.
>
> (c) Once a Complaint against the Emergency Room Doctor was filed with the Hospital's Administrator Sean H. Fadale on September 12, 2022 against the actions of Doctor Mohammad Al-Hasan on August 13 2022, and the Hospital failed to have the Plaintiff come back to the Hospital for re-examination in regards to the issues in the September 12, 2022 filed complaint, then the Hospital and the Doctor violated Senior Citizen Douglas E. Kampfer's Rights under the Federal Due Process, 14th Amendment of the Constitution.
>
> (d) Plaintiff was entitled to Due Process, to be re-examined by another Doctor of the Hospital Nathan Littauer . . . .
>
> (e) The Hospital's Governing Body of Nathan Littauer Hospital while acting under the Color of State and Federal Law, a law that gives the Hospital's Governing Body the Authority to act, providing the Plaintiff with Procedural Due Process . . . DID deprive the Plaintiff [of] the Right to present himself as evidence at a re-examination by another doctor of the hospital, to show the irreparable injury to the Plaintiff by the Emergency Room doctor Mohammad Al-Hasan on August 13, 2022 . . . . Therefore Depriving the Plaintiff [of] his Procedural and Substantive Due Process Rights [under the] 14th Amendment of the U.S. Constitution.

Amend. Complt. at 5-6.

Defendant Nathan Littauer Hospital answered the Amended Complaint. See dkt. # 51. Defendant Mohammad Al-Hasan filed the instant motion to dismiss. See dkt. # 52. In response to Defendant's motion, Plaintiff filed a letter request seeking an extension of time to respond to Defendant's motion, as well as a request for oral argument on the motion and

5

a "rehearing." See dkt. # 55. The letter also contained argument and citations which he contends demonstrates that the Court erred in finding no private right of action under the Medicare and Medicaid Act. Id. The Court considered that letter a motion for reconsideration, and directed the Defendant to respond to the issues raised in the letter. See dkt. # 57. The parties have briefed the issues raised in the various motions, and the matter is now ripe for disposition.

## II.     LEGAL STANDARDS

### A.     Motion for Reconsideration

Plaintiff seeks reconsideration of the Court's decision granting Defendants' motion to dismiss. When a party files a motion for reconsideration, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple[.]'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)). Reconsideration should be granted when the moving party shows "'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE & PROCEDURE § 4478 at 790).

### B. Rule 12(b)(1)

Defendant Al-Hasan seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), alleging that Plaintiff has failed to allege that the Court has subject matter jurisdiction. "A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it[.]'" Cortlandt St. Recovery Corp. v. Hellas Telecomms., 790 F.3d 411, 416-17 (2d Cir. 2015) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). "In resolving a motion to dismiss for lack of subject matter jurisdiction . . . a district court . . may refer to evidence outside the pleadings." Makarova, 201 F.3d at 113. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id. "Subject matter jurisdiction is a 'threshold question that must be resolved . . . before proceeding to the merits.'" United States v. Bond, 762 F.3d 255, 263 (2d Cir. 2014) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88-89 (1998)).

## III. Analysis

### A. Motion for Reconsideration–Private Right of Action

Plaintiff contends that the Court erred in concluding that no private right of action exists for Plaintiff's claims under the Medicare and Medicaid Act of 1965. He cites to Health & Hosp. Corp. v. Talevski, 599 U.S. 166 (2023), in support of this claim. That case addressed whether provisions of the Federal Nursing Home Reform Act ("FNHRA") that allowed "nursing-home residents to be free from unnecessary physical or chemical restraints and to be discharged or transferred only when certain preconditions are satisfied" provide rights "nursing home residents can seek to vindicate . . . in court." Id. at 171.

Addressing the issues of restraints and discharge, the Court concluded that "the two FNHRA provisions at issue here do unambiguously create § 1983-enforceable rights" and that "no incompatibility between private enforcement under § 1983 and the statutory scheme that Congress has devised for the protection of those rights" existed. Id. at 172. As such, a "§ 1983 action can proceed in court" to vindicate those rights. Id. The Court pointed to Gonzaga Univ. v. Doe, 536 U.S. 273 (2002), in reaching this conclusion. There, the Court emphasized that "§ 1983 actions may be brought against state actors to enforce rights created by federal statutes as well as by the Constitution." Id. at 279. "'In legislation enacted pursuant to the spending power, the typical remedy for state noncompliance with federally imposed conditions is not a private cause of action for noncompliance but rather action by the Federal Government to terminate funds to the State,' . . . unless Congress 'speaks with a clear voice,' and manifests an 'unambiguous' intent to confer individual rights, federal funding provisions provide no basis for private enforcement by § 1983." Id. at 280 (quoting, in turn, Pennhurst State School and Hosp. v. Halderman, 451 U.S. 1, 28, 17, 28 and n.21 (1981)). Congress's intent to create the right must be "'phrased in terms of the persons benefitted' and [contain] 'rights-creating,' individual-centric language with an 'unmistakable focus on the benefitted class'" to create this entitlement. Talevski, 599 U.S. at 183 (quoting Gonzaga, 536 U.S. 284, 287).

  Plaintiff's arguments are unavailing. He contends that Talevski found that a general private right of action exists for persons who suffer injuries caused by organizations receiving funds under the Medicare and Medicaid Acts. Talevski does not reach that conclusion, but instead finds that a provision in those acts, FNHRA, contains protections for nursing home residents that can be enforced through Section 1983. Plaintiff does not

8

attempt the sort of analysis the Court used in Talevski to conclude that Congress intentionally created a right that could be enforced against the Defendants in places other than FNHRA. In any case, even if Congress had created such a right which could be enforced through Section 1983, a plaintiff must still "allege that [the defendant] is a state actor, or that it operates under color of state law" to state a claim. Zietek v. Pinnacle Nursing, 2024 U.S. Dist. LEXIS 11852, at *12 (S.D.N.Y. Jan. 23, 2024). As the Court previously explained, Plaintiff did not allege state action.[4] Plaintiff's motion for reconsideration is denied because Plaintiff has failed to demonstrate an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.

### B. Motion to Dismiss For Lack of Subject Matter Jurisdiction

#### 1. Violation of NDNY Local Rule 7.1(b)(1)

Plaintiff argues that the Court should deny Defendant's motion because Defendant did not supply Plaintiff with a copy of unpublished cited cases in his motion to dismiss, in violation of Local Rule 7.1(b)(1).[5] Defendant provides a copy of correspondence with the

---

[4] Plaintiff also argues that the Court erred in finding that the Defendant Hospital was not a state actor. He offers an argument that would be denied in any case, since that argument was available to him in response to the earlier motion and he did not make it. And, in any event, the Defendant Hospital has now answered the Amended Complaint.

[5] That Rule provides, in relevant part, that "[w]hen serving a *pro se* litigant with a memorandum of law or any other paper which contains citations to authorities that are unpublished or published exclusively on electronic databases, counsel shall include a hard copy of the authorities." L.R. 7.1(b)(1).

Plaintiff also argues that Defendant failed to provide the statement of material facts required by Local Rule 7.1(b)(3). That Rule, which after amendment is now located in Local Rule 56.1(a), applies to motions for summary judgment, not motions to dismiss. See L.R. 56.1(a). Since the instant motion is not a motion for summary judgment,

(continued...)

Plaintiff which indicates that counsel provided Plaintiff with copies of all cases cited in his memorandum of law in reply to Plaintiff's response on September 12, 2023. See dkt. # 61. The letter also provides "copies of our affirmation in support and memorandum of law, dated August 14, 2023, as well as printed copies of all the cases law cited-to within the memorandum of law." Id. Further, the letter states that "we have no objection to an extension of time to serve your reply to our opposition to your motion for reconsideration." Id.

      The Court agrees with the Plaintiff that Defendant violated Rule 7.1(b)(1) by failing to provide Plaintiff with copies of unpublished cases cited in the motion when Defendant filed that motion. The Court also fails to see how providing copies of the cases after Plaintiff filed his response represents an adequate response to the issue. While Defendant generously offered not to oppose any extension of time for Plaintiff to file a reply brief, Plaintiff was not entitled to file a surreply brief in this situation. See L.R. 7.1(a)(1) ("A surreply is not permitted").

      The Court concludes, however, that this failing should not cause the Court to strike Defendant's brief or deny Defendant's motion. Plaintiff was able to respond to Defendant's motion and cite relevant case law. He has not claimed any particular prejudice from Defendant's failing to provide the documents. Moreover, as described below, the Court finds that additional citations and briefing would not have aided Plaintiff's cause in this matter.

---

[5](...continued)
Defendant was not required to supply a statement of material facts, and Plaintiff's argument here is misplaced.

**2.      Discussion**

Defendant Al-Hasan argues that Plaintiff's Amended Complaint attempts again to assert Section 1983 claims based on federal regulations and statutes that the Court has already concluded do not provide a basis for jurisdiction. He points out that Plaintiff states that the case "is brought pursuant to Title 42 U.S.C. 1983, the Spending Clauses, and to vindicate the rights recognized by the Code of Federal Regulations Patients Rights, under Federal law, the 14th Amendment Due Process Clause." Amnd. Complt. at 1. Plaintiff also cites to Talevski as a source of jurisdiction. Id. For the reasons stated here and in the Court's previous opinion, Plaintiff cannot rely on the Code of Federal Regulations, the Spending Clauses, the Medicare Act, or Talevski as a basis for a federal claim. See dkt. # 48, at 6-9.[6]

Defendant also argues that Plaintiff has failed to state a due process claim under the Fourteenth Amendment against him. Defendant Al-Hasan points out that any due process claim that Plaintiff attempts to raise is not directed to any of Defendant's conduct. Plaintiff's due process allegations all address conduct that occurred after Plaintiff's September 2022 complaint and involve the hospital and hospital administrator, not Defendant, the doctor who treated the Plaintiff on August 13, 2022. Amnd. Complt. at 5-6. The Court agrees that none of those allegations implicate the conduct of Defendant Dr. Al-Hasan. Plaintiff has failed to state a federal due process claim against Defendant Al-Hasan.

---

[6] Plaintiff argues that the case of Casler-Tyrrell v. Auburn Community Hospital, Case No. 18-cv-892, in this district provides for jurisdiction in malpractice actions against hospitals and emergency room doctors. But as Defendant notes, the jurisdiction in Casler-Tyrrell was not based on the availability of a federal action for malpractice: it was based on diversity between the Plaintiffs, who were all citizens of the State of Georgia and the defendants who were all citizens of New York. See dkt. # 59-3.

11

**C. Jurisdiction**

Plaintiff's Amended Complaint asserts jurisdiction "pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343(3)(4), and the 14th Amendment of the United States Constitution," as well as the Supreme Court's opinion in Talevski. Amend. Complt. at 1. He thus invokes "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343. "'A case arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Bay Shore Union Free Sch. Dist. v. Kain, 485 F.3d 730, 734 (2d Cir. 2007) (quoting Empire Healthchoice Aussr. v. McVeigh, 547 U.S. 677, 690 (2006)). "Merely invoking federal question jurisdiction, without pleading any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction." Washington v. Ortiz, 2023 U.S. Dist. LEXIS 210454, at *4 (S.D.N.Y. Nov. 27, 2023) (citing Nowak v. Ironworkers Loc. 6 Pen. Fund, 81 F.3d 1182, 1188-89 (2d Cir. 1996)). Here, as set forth above, the Court has found no federal law claim.

In his briefing Plaintiff–who proceeds *pro se*–asserts that he has also invoked diversity jurisdiction. "Under 28 U.S.C. § 1332, federal courts have jurisdiction to hear civil actions between 'citizens of different States' as long as 'the matter in controversy exceeds . . . $75,000.'" Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 617 (2d Cir. 2019) (quoting 28 U.S.C. § 1332). "The Supreme Court has interpreted 'citizens of different States' to grant jurisdiction only 'if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are

12

citizens of the same State.'" Id. (quoting Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998)). "Generally, '[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[.]'" Tagger v. Strauss Grp. Ltd., 951 F.3d 124, 126 (2d Cir. 2020)(quoting Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 53 (2d Cir. 2019)). "The party asserting jurisdiction bears the burden of proof." Pa. Pub. Sch. Emps. Ret. Sys. v. Morgan Stanley & Co., 772 F.3d 111, 118 (2d Cir. 2014). That party must "demonstrat[e] that the grounds for diversity exist and that diversity is complete." Herrick Co v. SCS Commc'ns. Inc., 251 F.3d 315, 322-23 (2d Cir. 2001).

Plaintiff's Amended Complaint provides an address for Plaintiff in Mayfield, New York. He lists an address for Defendants Nathan Littauer Hospital and Administrator Sean Fadale in Gloversville, New York. Amend. Complt. at 2, ¶¶ 2-3. Plaintiff assigns the same address to Defendant Al-Hasan. Id. at 2, ¶ 4. Plaintiff seeks $125 in compensatory damages and $25 million for pain and suffering.

Plaintiff now argues, in his brief in opposition to Defendant's motion, that "upon research" the Court may have diversity jurisdiction against Dr. Mohammad Al-Hasan because his domicile is in Hollister California. Plaintiff's Brief, dkt. # 58, at 2. Plaintiff points to a website called healthgrades.com, where Defendant allegedly has a practice at 930 Sunset Drive Bldg 1, Ste C, Hollister Ca. Defendant Al-Hasan does not address where he is domiciled. See dkt. # 59-1 at 5 n.1. Defendant argues that, in any event, there is no diversity jurisdiction because complete diversity is lacking, since the Plaintiff and defendant Nathan Littauer Hospital are both domiciled in New York. dkt. # 59-1 at 5; dkt. # 59-2 at 1. The Court agrees. Because there is a lack of complete diversity among the parties, Plaintiff cannot invoke diversity jurisdiction. Absent a federal law claim or diversity jurisdiction, the

Court must grant Defendant's motion to dismiss for lack of subject matter jurisdiction.

### D.     Leave to Amend

Plaintiff has already been afforded an opportunity to amend his complaint to attempt to state a claim against Defendant Al-Hasan upon which relief could be granted. In the Second Circuit, "'[a] *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). Leave to replead is not required, however, when the complaint suffers from "substantive" problems and "better pleading will not cure it." Id. Under those circumstances, "[r]epleading would . . . be futile." Id.

The Court provided Plaintiff with an opportunity to re-plead once, finding that there was a possibility he might be able to plead claims that exposed Defendants to liability under Section 1983. At this point the Court finds that any additional effort to amend would be futile. The Court will therefore grant Defendant's motion without leave to amend.

### E.     Order to Show Cause Regarding Subject Matter Jurisdiction

Defendants Nathan Littauer Hospital and Sean M. Fadale have answered the Amended Complaint. See dkt. # 51. While the case could proceed to discovery under such circumstances, federal courts have "a continuing obligation to satisfy [themselves] that federal jurisdiction over the matter before [the court] is proper." Filsaime v. Ashcroft, 393 F.3d 315, 317 (2d Cir. 2004). Having examined the allegations in the Amended Complaint pertaining to these Defendants, the Court is not satisfied from the pleading that the Court

14

has subject matter jurisdiction over these Defendants. "[I]n our federal system of limited jurisdiction . . . the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks and citation omitted); see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978))). Resolving this issue at this stage of the litigation will permit the Court to address an essential threshold issue in a manner that could save the parties additional time and resources.

As such, the Plaintiff will be ordered to file a memorandum of law showing cause why the case against the remaining Defendants should not be dismissed for lack of subject matter jurisdiction. Defendants will be permitted to respond.

## V.   CONCLUSION

For the reasons discussed above, Plaintiff's motion for reconsideration, dkt. #55, is **DENIED**. Plaintiff's request for oral argument, dkt. # 64, is **DENIED**. Defendant Al-Hasan's opposition to Plaintiff's requested for oral argument, which is docketed as a motion, is **GRANTED**. See dkt. # 65. Defendant Al-Hasan's motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, dkt. # 52, is **GRANTED,** and the Amended Complaint, dkt. # 49, is **DISMISSED** as to defendant Al-Hasan **without prejudice and without leave to amend**. This does not preclude Plaintiff from filing any state-law claims in

an appropriate state forum.

Plaintiff is hereby **ORDERED** to file a brief, not to exceed ten (10) pages, within twenty-one (21) days of the date of this Decision and Order, showing cause why the case against the remaining Defendants should not be dismissed for lack of subject-matter jurisdiction. Defendants may respond with a memorandum of law not to exceed 10 pages within fourteen (14) days of Plaintiff's filing.

**IT IS SO ORDERED.**

Dated: May 31, 2024

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge