UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DOUGLAS E. KAMPFER,

                **Plaintiff,**

    v.                                            No. 1:22-cv-1235
                                                          (BKS/ML)

NATHAN LITTAUER HOSPITAL,
SEAN H. FADALE, Nathan Littauer Hospital
Administrator,

                **Defendants.**
_____

**Brenda K. Sannes,**
**Chief United States District Judge**

## DECISION & ORDER

Before the Court is Plaintiff's response to the Court's Order directing Plaintiff to show cause why the case against the remaining Defendants–Nathan Littauer Hospital[1] and Sean H. Fadale–should not be dismissed for lack of subject matter jurisdiction. See dkt. # 68.

**I.    Background**

This case concerns the medical treatment that Plaintiff Douglas E. Kampfer received at Nathan Littauer Memorial Hospital in Gloversville, New York on August 12, 2022. See Amended Complaint ("Amnd. Cmplt."), dkt. # 49, at p. 3. On that date, Plaintiff, who is a recipient of Medicare, fell ten feet from a ladder onto a concrete floor. Id. He fractured his left wrist, dislocated bones in his left hand, and lacerated his

---

[1] The clerk is directed to add Nathan Littauer Hospital as a defendant to the docket sheet.

1

eyebrow. Id. The injury to Plaintiff's eyebrow came when his eyeglasses shattered in the fall and "impaled the skin" of his eyebrow. Id. He claims the treatment he received was inadequate and caused him permanent injuries. Id. He also complains that the hospital and Defendant Sean H. Fadale, the hospital administrator, failed to offer an appropriate response to his complaints about his treatment. Id.

Plaintiff filed an initial Complaint based on these facts. See dkt. # 1. That Complaint contained a number of causes of action that cited federal statutes and regulations as sources of the rights Plaintiff claimed. Id. Defendants filed motions to dismiss, contending that the Plaintiff had failed to raise any claims over which a United States District Court had subject matter jurisdiction and had in any case failed to state a claim upon which relief could be granted. The Hon. Thomas J. McAvoy, who was originally assigned to the case, agreed that–with the exception of 42 U.S.C. § 1983 ("Section 1983")–the statutes and regulations Plaintiff cited did not provide a private right of action. See dkt. # 48. Judge McAvoy also agreed with the Defendants that Plaintiff had failed to plausibly plead state action and had therefore failed to state a claim under Section 1983. Given Plaintiff's pro-se status, however, Judge McAvoy permitted Plaintiff to file an Amended Complaint that attempted to state a Section 1983 claim.

The Amended Complaint repeated the factual allegations of the original Complaint but attempted to allege state action sufficient to raise a Section 1983 claim against both Defendants. Defendants Nathan Littauer Hospital and Sean Fadale answered the Amended Complaint. See dkt. # 51. Defendant Mohammad Al-Hassan filed a motion to dismiss. See dkt. # 52. The undersigned reviewed Dr. Al Hassan's

motion to dismiss and granted that motion without prejudice to repleading in state court.[2] The undersigned also ordered the Plaintiff to show cause why the claims against the remaining Defendants should not be dismissed for lack of subject matter jurisdiction. See dkt. # 67. Plaintiff's response to that Order is currently pending before the Court. See dkt. # 68.

In his memorandum Plaintiff requests that the Court: "(1) Re-instate the action against Defendant Dr. Mohammad Al-Hasan as he was acting as a[n] employee of a Federal Agency established by" the CFR 482.11; "(2) set this above-referred action on the calendar for trial as this court has jurisdiction against a federal agency with federal powers"; and "(3) obtain an apology for the Court for failure to allow the Supreme Court to conclude a case that relates to the issues before this Court." The Court construes Plaintiff's response as a motion for reconsideration of the Court's decision to dismiss the case against Dr. Al-Hassan and a response to the Court's Order to Show Cause. The Court will address those issues in turn.[3]

## II. Subject Matter Jurisdiction

"[F]ederal courts are 'courts of limited jurisdiction.'" Behrens v. JPMorgan Chase Bank, N.A., 96 F.4th 202, 207 (2d Cir. 2024) (quoting Hepburn & Dundas v. Ellzey, 6 U.S. 445, 450 (1805)). "If a federal court lacks jurisdiction, it has no adjudicative power to hear the parties' dispute, and any relief it grants 'would be void.'" Id. (quoting Da Silva

---

[2] The Court assumes familiarity with both of the prior decisions granting motions to dismiss. See dkt. # 48, 67.
[3] As to this third request, the Court notes that a United States District Court judge has nothing to do with whether the Supreme Court decides to hear a case. If Plaintiff believes he has some basis for seeking review of this Court's decisions by the United States Supreme Court, he can take appropriate action.

v. Kinsho Int'l Corp., 229 F.3d 358, 361 (2d Cir. 2000)).  "[A] district court 'must' dismiss an action whenever it determines that it *lacks* subject-matter jurisdiction.'" Id. (quoting Fed. R. Civ. P. 12(h)(3) (emphasis added in original)).  "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*."  Durant, Nichols, Houston, Hodgson & Cortese-Cost, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009).  The party asserting subject-matter jurisdiction must "must prove jurisdiction by a 'preponderance of the evidence.'" Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 617 (2d Cir. 2019) (quoting Liranzo v. United States, 640 F.3d 78, 84 (2d Cir. 2012)).  Therefore, Plaintiff must point to evidence that the Court has subject matter jurisdiction over the claims against Defendants Nathan Littauer Hospital and Sean Fadale.

In his Amended Complaint Plaintiff alleges that:

> Defendant(s) Nathan Littauer Hospital and Doctor Mohammad Al-Hasan Emergency Room Doctor for Nathan Littauer Hospital, are State Actors under the Spending [Clauses] of the Federal Laws of the United States, and are liable to the Plaintiff Douglas E. Kampfer for failure to "Protect and Promote" the Patient[']s rights on August 13, 2022.

Amend. Cmplt., dkt. # 49, at 5.  Plaintiff further contends that this duty "[t]o 'Protect and Promote' . . . gives the Plaintiff under the Spending Clauses . . . a . . . Private Right of Action pursuant to resent [sic] Supreme Court Rulings." Id.  Further, Plaintiff contends, that the Hospital, while acting under color of state and federal law, violated Plaintiff's procedural and substantive due process rights by failing to call him back to the hospital to be reexamined after he filed his complaint. Id. at 6.

Plaintiff has asserted jurisdiction under 28 U.S.C. § 1331. See dkt. # 49, at 1; dkt. # 68. Under § 1331, federal courts have subject-matter jurisdiction over 'all civil actions

4

arising under the Constitution, laws, or treaties of the United States.'" Solomon v. St. Joseph Hosp., 62 F.4th 54, 63 (2d Cir. 2023) (quoting 28 U.S.C. § 1331).

Plaintiff argues that the Defendant Hospital violated his right to due process by failing to follow federal regulations regarding disputes between hospitals and patients. Plaintiff points to 42 C.F.R. §§ 482.11 and 482.13(a)(2) as the regulations in question. He cites to T.L. v. Cook Children's Med. Ctr., 607 S.W.3d 9 (Tex. Ct. App. 2nd Div. 2020), to argue that the Hospital is a state actor because courts have found that state action can occur "when a government compels the private entity to take a particular action." Defendant's Brief, dkt. # 68, at 5. Plaintiff contends that the regulations in question "compel[] the Hospital to exercise Judicial Powers to resolve Patient(s[']) grievances and make a final decision. Id. Petitioner asserts that the Hospital violated his due process rights by failing to provide him with a hearing or an opportunity to provide witnesses and evidence of misconduct.

Plaintiff's original Complaint, which Judge McAvoy dismissed with leave to replead, asserted jurisdiction based in part on these two federal regulations. See dkt. # 1, at ¶ 1. Judge McAvoy dismissed the Complaint, finding that these regulations did not provide a private right of action. See dkt. # 48 at 7-8. The Court finds that the regulations do not provide a basis for jurisdiction for the same reasons as stated in Judge McAvoy's opinion. A hospital acting pursuant to the regulations does not engage in state action. The regulations establish rules of conduct which the Hospital is to follow. They do not place the hospital in a close nexus with the government or make the Hospital "a private entity . . . 'entwined with governmental policies, or" make the government "entwined in [the Hospital's] management or control." Grogan v. Blooming

Grove Volunteer Ambulance Corps, 768 F.3d 259, 268 (2d Cir. 2014) (quoting Brentwood Academy, 541 U.S. at 296).  As such, Plaintiff has not alleged any claims arising under federal law and could not.

Plaintiff has not offered any explanation about how Fadale was a state actor.  In any case, he could not.

### III.     Motion for Reconsideration

The Court previously dismissed the Section 1983 claim against Dr. Al-Hasan, finding that Plaintiff had failed to allege subject matter jurisdiction. When a party files a motion for reconsideration, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995).  Such a motion is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple[.]'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 41 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)).  Reconsideration should be granted when the moving party shows "'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE & PROCEDURE § 4478 at 790). Having reviewed Plaintiff's latest submission, the Court does not find any basis for reconsideration. Thus,

to the extent that Plaintiff seeks reconsideration of the Court's decision dismissing this action against Dr. Al-Hassan, that motion is denied.

## IV. CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED** that this action is **DISMISSED** without prejudice and without leave to amend as to Defendants Nathan Littauer Hospital and Sean M. Fadale for lack of subject matter jurisdiction, and it is further

**ORDERED**, that to the extent Plaintiff's memorandum [68] seeks reconsideration of the Court's May 31, 2024 Decision [67], that request is **DENIED**, and it is further

**ORDERED** that the Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: September 4, 2024

Brenda K. Sannes
Chief U.S. District Judge